```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT
```

LYNNE LAMAR
                                              PRISONER
     v.                          Case No.  3:06CV136(SRU)(WIG)

WILLIAM WILLINGHAM, ET AL.


                              ORDER

     Plaintiff, currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut, filed this civil rights action <u>pro se</u> and <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  She claims that on December 28, 2005, she suffered an injury to her eye while cleaning showers in the prison facility.  She alleges that prison officials at the facility failed to provide her with adequate medical treatment for her injury.  She also alleges that medical department officials failed to provide her with medication for her asthma condition.  The plaintiff seeks monetary damages.

     The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust his administrative remedies before bringing any action "with respect to prison conditions under section 1983 of this title, or any other Federal law."  The Supreme Court has held that federal prisoners filing suit against federal officials pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) "must first

exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." Porter v. Nussle, 534 U.S. 516, 524 (2002).  The plaintiff has named federal prison officials at Danbury Federal Correctional Institution as defendants in this action.  The requirement of complete exhaustion of administrative remedies must be satisfied before a federal action is commenced.  See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) (holding that an inmate may not avoid the requirements of 42 U.S.C. § 1997e(a) by exhausting administrative remedies after filing a civil rights action in federal court).

   The plaintiff does not address the exhaustion requirement in her complaint.  The Second Circuit has held that the district court should not dismiss a case sua sponte for failure to exhaust administrative remedies without affording the inmate notice and an opportunity to be heard.  See Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999).

   Accordingly, plaintiff is directed to file an amended complaint **within thirty days** of the date of this order.  The amended complaint shall include the claims contained in the complaint accompanied by evidence that plaintiff has exhausted her administrative remedies with respect to those claims **prior** to filing this lawsuit.  Failure to comply with this order and provide evidence of exhaustion of administrative remedies will

result in the dismissal of this action.

SO ORDERED this 28th day of April, 2006, at Bridgeport, Connecticut.

/s/ William I. Garfinkel

WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE