UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LYNN LAMAR
                                                                                                 PRISONER
     v.                                                                     Case No. 3:06CV136(SRU)

WILLIAM WILLINGHAM, ET AL.


## RULING AND ORDER

Plaintiff was incarcerated at Danbury Federal Correctional Institution ("FCI Danbury") when she commenced this action. She is currently incarcerated at the Allegheny County Jail in Pittsburgh, Pennsylvania. She filed this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the federal counterpart of a civil rights action filed pursuant to 42 U.S.C. § 1983. All of the defendants are employees of the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). At some point between October and December 28, 2005, prison officials in Beaver County Jail in Pittsburgh, Pennsylvania transferred the plaintiff to FCI Danbury. At the time of her transfer to FCI Danbury, the plaintiff suffered from asthma and had undergone eye surgery to correct her vision. Shortly after her arrival at FCI Danbury, the plaintiff requested that Danbury medical personnel provide her with a mask and goggles to wear while she performed her job as an orderly in one of the prison units. Danbury prison officials referred her requests to defendant Staiger who was in charge of the orderlies at FCI Danbury, but he did not respond to the requests.

On December 28, 2005, while the plaintiff was performing her job as an orderly, some cleaning solution splashed into her right eye and caused it to swell up and become very red. The

plaintiff rinsed her eye with water and then defendant Johnson, a Physician's Assistant, put saline solution into her eye to flush out the cleaning solution. Medical personnel refused to permit the plaintiff to be examined by an eye specialist.

Medical personnel at Beaver County Jail in Pittsburgh, Pennsylvania prescribed medication for plaintiff's asthma and stomach ailments prior to her transfer to Danbury FCI. Upon her arrival at FCI Danbury, a physician's assistant informed the plaintiff that she would have to see the medical director regarding the medications that had been prescribed by medical personnel at Beaver County Jail because those medications were not listed in the Bureau of Prisons pharmacy formulary. The medical director submitted a request for approval of the unlisted medications some time in January or February 2006. The Bureau of Prisons subsequently denied approval for the unlisted medications. The plaintiff was transferred back to Pennsylvania on March 9, 2006, and medical officials at Allegheny County Jail immediately prescribed medication for the plaintiff's asthma condition.

In October 2005, the plaintiff underwent a chest x-ray at Beaver County Jail to determine if the plaintiff had Tuberculosis. The x-ray indicated no evidence of Tuberculosis. In January and February 2006, a medical department employee at FCI Danbury informed the plaintiff that she must be tested for Tuberculosis. The plaintiff explained that she had had a severe reaction to the Tuberculosis test in the past and that she had recently undergone a chest x-ray at another prison facility in Pennsylvania to determine if she had Tuberculosis. Medical personnel would not excuse her from being tested for Tuberculosis. The plaintiff underwent the test and suffered no allergic reaction to it. The plaintiff seeks monetary damages.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust

her administrative remedies before bringing an action with respect to prison conditions. The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing any type of action in federal court, see Porter v. Nussle, 534 U.S. 516, 524, 532 (2002), regardless of whether the inmate may obtain the specific relief she desires through the administrative process. See Booth v. Churner, 532 U.S. 731, 741 (2001). The statute clearly states that inmates must exhaust all available administrative remedies before filing suit. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001). Thus, any attempt to exhaust administrative remedies after the case was filed is ineffective to satisfy the exhaustion requirement.

The complaint filed by the plaintiff in January 2006, included claims concerning lack of medication for plaintiff's asthma condition and lack of medical treatment for plaintiff's eye injury suffered in December 2005. On June 20, 2006, the court granted plaintiff's motion for leave to file an amended complaint to add a new claim and directed her to accompany her amended complaint with evidence that she had exhausted her available administrative remedies for all the claims in the amended complaint prior to filing this action. The plaintiff filed her amended complaint in September 2006.

The available administrative remedies for a Bivens claim consist of a four-step process set forth in the Bureau of Prisons' Administrative Remedy Program, 28 C.F.R. §542: (1) the inmate must attempt informal resolution with prison staff; (2) the inmate must submit a formal written "Administrative Remedy Request" to the warden within twenty days of the incident giving rise to her claim; (3) the inmate must appeal an adverse decision from the warden to the appropriate regional director within twenty days from the denial of the formal request; and (4) the inmate must appeal the Regional Director's adverse decision to the Bureau of Prisons General

Counsel's office within thirty days.  See 28 C.F.R. §§ 542.13(a), 542.14(a), 542.15(a).

On page five of the amended complaint, the plaintiff states that she exhausted her administrative remedies and refers the court to sheets attached to her amended complaint.  The attached sheets contain allegations that she spoke to the assistant director, the director of the medical department and the warden regarding her claims of inadequate medical treatment.   The plaintiff does not allege that she attempted to comply with the Bureau of Prisons' Administrative Remedy Program by submitting written remedy requests to the Warden, Regional Director or Bureau of Prisons' General Counsel's office and has attached to the amended complaint no evidence of her attempts to exhaust her claims.  Furthermore, the timing of the filing of the plaintiff's complaint in January 2006, and the dates of the incidents in the complaint make it impossible for the plaintiff to have fully exhausted her administrative remedies prior to filing this action.

Accordingly, the amended complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies before filing suit as required by 28 U.S.C. § 1997e(a). See Snider v. Melindez, 199 F.3d 108, 111-14 (2d Cir. 1999) (court may dismiss a complaint sua sponte, after notice to the plaintiff and an opportunity to be heard, where the plaintiff's failure to exhaust administrative remedies under the PLRA is "readily apparent," or "unambiguously established in the record.").

SO ORDERED this 9th day of February 2007, at Bridgeport, Connecticut.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge